## JOSEPH A. RAGUET *v.* NARCISSE CARMOUCHE.

Where the verdict allows no interest, it is irregular for any to be allowed by the judgment entered on that verdict. But if the defendant does call the attention of the court to the error by a motion for new trial, the Supreme Court will not subject the appellee to the payment of costs on that account.

APPEAL from the District Court of Pointe Coupée, *Farrar*, J. *A. Provosty*, for plaintiff. *T. J. Cooley*, for defendant. The judgment of the court was pronounced by

ROST, J. This case was before us last year, and the facts are fully stated in 5th Ann. 133. On the second trial there was a verdict in favor of the plaintiff for five hundred and seventy-seven dollars, and the court gave him judgment for that sum with interest from the judicial demand. The defendant has appealed; and the plaintiff asks that the judgment be amended in his favor so as to allow him the entire amount of his claim.

On the second trial, the plaintiff proved the submission to arbitration, which had not been legally proved on the former appeal, by examining the defendant on facts and articles ; but as there has been no award in a legal form made by the arbitrators, we are unable to perceive how this proof can avail him. The value of the work must still be ascertained by the testimony in the record. This the jury have done ; and we are not prepared to say that there is error in the verdict.

The defendant's counsel alleges that the verdict allowed no interest, and that none should have been allowed by the judgment. He asks that it be changed in that respect. He did not bring that error to the notice of the district court by a motion for a new trial, or in any other manner. We cannot, under these circumstances, subject the plaintiff to the costs of the appeal by altering the judgment. Moreover, although the allowance of interest in the judgment, when the verdict allowed none, was irregular, it was a case in which interest ought to have been allowed, and the judgment has worked no injury to the defendant.

The judgment is therefore affirmed, with costs.